**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2586
_____

ALEXEI LEGASSOV,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-726-967)
Immigration Judge: Jason L. Pope

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2022
Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 24, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Alexie Legassov petitions for review of a final order of removal and the denial of a motion to remand. For the following reasons, we will deny the petition.

Legassov, a Russian citizen, has lived in the United States since 1993. In 2018, he was convicted in New Jersey of insurance fraud (N.J. Stat. Ann. § 2C:21-4.6(c)) and operating a corporation for criminal purposes (N.J. Stat. Ann. § 2C:21-9(c)). He was sentenced to prison terms of four and five years, respectively, and ordered to pay over $1.2 million in restitution. After the Government initiated removal proceedings in 2019, an Immigration Judge (IJ) concluded that Legassov was removable as a noncitizen convicted of two or more offenses for which the aggregated sentences were five years or more (8 U.S.C. § 1182(a)(2)(B)) and as a noncitizen convicted of a crime involving moral turpitude (CIMT) (8 U.S.C. § 1182(a)(2)(A)(i)(I)).

In August 2020, Legassov, proceeding pro se, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). At a hearing in January 2021, Legassov testified that he entered the United States due to fears relating to his father's involvement in investigating the 1986 Chernobyl disaster. Although the official cause of his father's death in 1988 was suicide, Legassov claimed that the Russian government had his father killed and he was warned to stop discussing that topic. Legassov stated that he was not harmed while in Russia, but he believed that the KGB initiated charges against him in 1996 after his departure and that he had been included on a wanted list.

The IJ ruled on several grounds that Legassov did not qualify for relief. In addition to making an adverse credibility finding, the IJ concluded that the one-year filing deadline barred the asylum application, and Legassov failed to provide a significantly changed circumstance to extend the time for filing. Even aside from the one-year bar, the IJ explained that he would deny asylum as a matter of discretion due to Legassov's criminal history. The IJ likewise decided that Legassov had committed a "particularly serious crime" which rendered him ineligible for withholding of removal, and that Legassov did not qualify for CAT relief where he had not shown it would be more likely than not that he would be tortured upon his return to Russia. The IJ also denied voluntary departure.

On appeal, the BIA agreed with the IJ's reasoning, rejected all grounds advanced in Legassov's counseled brief, and dismissed the appeal. The BIA also denied a motion to remand because the evidence submitted did not rebut any of the IJ's findings.[1] Legassov, once again proceeding pro se, timely petitioned this Court for review.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a). We consider the agency's legal determinations de novo, including its application of law to facts. See Herrera-Reyes v. Att'y Gen., 952 F.3d 101, 106 (3d Cir. 2020).

Notably, Legassov has not disputed that he is removable on the statutory grounds

---

[1] The BIA ruled that Legassov had waived appeal of the IJ's denial of voluntary departure because he did not raise the issue. See BIA Dec. at 2 n.1.

3

cited by the agency based on his criminal history (for committing a CIMT and for convictions of offenses carrying aggregated sentences of five or more years' imprisonment).[2] Also, he did not previously challenge the IJ's conclusions that he was ineligible for asylum, withholding of removal, or CAT relief on appeal in the BIA; although he now claims, in very general terms, that he was eligible. See Petitioner's Informal Brief at 5. But Legassov's nascent argument on this ground is unexhausted, and we will not review it. See 8 U.S.C. § 1252(d)(1).

What remains are jurisdictional and due process arguments Legassov raised before, and we will reject them for largely the same reasons the BIA did.[3] First, Legassov argues that the immigration court lacked jurisdiction over his removal proceedings because, he contends, his Notice to Appeal (NTA) was deficient under Supreme Court precedent. See Pereira v. Sessions, 138 S. Ct. 2105, 2113-14 (2018); Niz-Chavez v. Garland, 141 S. Ct. 1474, 1486 (2021). But Niz-Chavez, like Pereira,

---

[2] Legassov does argue that the agency's findings concerning removability were based on factual errors or facts not in the record. But as the BIA stated, even though Legassov did not admit certain facts such as illegal entry to the United States, he admitted that he was not a United States citizen and to the fact of his convictions, and these supported two of the three charges of removal. See BIA Dec. at 2. Even if the agency erred by finding Legassov removable on the first charge (being present in the United States without being admitted or paroled), any error was harmless because it is "highly probable that [it] did not affect the outcome of the case." Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011).

[3] Legassov made another mistake of fact challenge in his brief—to the IJ's adverse credibility determination—but the issue was not exhausted before the BIA, and we cannot consider it. See 8 U.S.C. § 1252(d)(1).

4

addressed the stop-time rule for cancellation of removal—relief not sought here—and did not concern the jurisdiction of immigration courts. Our Court has rejected the same Pereira-based jurisdictional argument. See Chavez-Chilel v. Att'y Gen., 20 F.4th 138 (3d Cir. 2021); Nkomo v. Att'y Gen., 930 F.3d 129, 133-34 (3d Cir. 2019), cert. denied, 140 S. Ct. 2740 (2020).

Legassov argues in his petition that the immigration court violated his due process rights by failing to adequately explain the proceedings or to develop the record. See Pet. Informal Br. at 5. But for the reasons explained by the BIA in its decision at pages 2-3, the record reveals no due process violation in Legassov's proceedings.

As the BIA mentioned, the IJ explained to Legassov how he might retain an attorney and, after granting one continuance, the IJ was poised to grant another for Legassov to find an attorney. However, Legassov demurred and asked if the proceedings could move forward, and the IJ obliged. The IJ explained that Legassov would testify in support of his asylum application at the next hearing, and the IJ gave him time to submit documentation; Legassov did both. Legassov does not detail what else the IJ should have explained. Further, he has not shown that any deficiency prejudiced him, which is fatal to a due process claim. See Serrano-Alberto v. Att'y Gen., 859 F.3d 208, 213 (3d Cir. 2017).

As for the alleged failure to develop the record, we have not recognized that due process generally imposes such an obligation on an IJ. See id. at 225 n.8. Even if we

had, Legassov did not show the requisite prejudice. See id. at 213; Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). In addition to the State Department report on country conditions in Russia in the record, the IJ considered statements of Legassov's relatives and an article concerning the Russian opposition leader Alexei Navalny. Legassov does not state what other evidence that the IJ should have helped him obtain or how he was prejudiced by the absence of that material.

Finally, Legassov requested a remand so that his CAT claim could be considered in light of "new" evidence, including his birth certificate, articles about the Chernobyl disaster and his father, and articles about Russian intelligence activities. However, as the BIA explained, this evidence did not meaningfully address the shortcomings of his claims. Therefore, the BIA appropriately denied remand. See Tilija v. Att'y Gen., 930 F.3d 165, 173 (3d Cir. 2019) (explaining that the BIA may deny a remand motion where the movant: has not established prima facie eligibility for relief, fails to introduce previously unavailable, material evidence, or would not be entitled to discretionary relief even if the motion were granted).

Accordingly, we will deny the petition for review.